**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| We Are America/Somos America, Coalition of Arizona, *et al.*,<br><br>          Plaintiff,<br><br>vs.<br><br>Maricopa County Board of Supervisors, et al.,<br><br>          Defendant. | No. CIV06-2816-PHX-RCB<br><br>**ORDER** |

Presently pending before the court is plaintiffs' motion for a pre-trial conference pursuant to Fed. R. Civ. P. 16 and LRCiv 16.2 (doc. 46). Plaintiffs are also seeking to have this action assigned to the complex tract pursuant to LRCiv 16.2(b)(4). Alternatively, plaintiffs unnecessarily indicate that the court should assign this case to the standard track in accordance with LRCiv 16.2(b)(3).

### *Background*

On January 3, 2007, plaintiffs sought defendants' agreement to have this case "expedited" pursuant to LRCiv 16.1(b)(1), or to have it placed on the "complex track" pursuant to LRCiv 16.2(b)(4).

Plaintiffs cited the need for "extensive judicial involvement" and the possibility for resolution "with limited discovery[]" as the bases for their request. Memo. (doc. 47), exh. A thereto at 1. Plaintiffs further requested what is colloquially referred to as a "meet and confer" in accordance with Fed. R. Civ.

26 to "develop a proposed discovery plan[.]" Id. They also sought defendants' assistance in preparing a Rule 26(f) report and facilitating a preliminary scheduling conference. The parties did confer telephonically on January 5, 2007, but from defendants' point of view, it was not a Rule 26(f) conference. See id., exh. B thereto at 2.

Four months later plaintiffs served various discovery requests upon defendants. On April 10, 2007, defendants objected to that discovery as "premature" based upon their belief that the parties had not met and conferred as Rule 26(f) requires. Id. Defendants also viewed those discovery demands as premature because at that time their motion to dismiss was pending. Defendants also cited the fact that the court had "not otherwise authorized discovery" as a basis for objecting to plaintiffs' discovery demands. Id.

Holding fast to the view that a Rule 26(f) had already taken place, nonetheless, plaintiffs advised defendants that they would meet again in accordance with that Rule. See id., exh. C thereto. Taking a different view of their obligations under Rule 26(f), defendants reiterated that they would not respond to plaintiffs' discovery demands while their motion to dismiss was still pending. Id., exh. D thereto. Defendants further reasoned that because a Rule 16 scheduling conference had not been set, they had no obligation to meet and confer pursuant to Fed. R. Civ. P. 26(f).

The foregoing exchanges occurred mostly in April, 2007. Plaintiffs did not, however, take any further action until almost six months later when they filed this motion seeking a complex track assignment of this case pursuant to LRCiv 16.2(b)(4).

In the meantime, on September 21, 2007, the court denied without prejudice plaintiffs' motion for class certification. Doc. 43 at 17. The court also granted in part and denied in part defendants' Rule 12(b)(6) motion to dismiss. That denial was based upon the court's determination that additional briefing was required "addressing the applicability of the second DeCanas test, . . . , to the issue of federal preemption." Id.

Fairly recently, on July 17, 2008, defendants filed a "Notice of Supplemental Authority[,]" alerting the court and plaintiffs to Arizona v. Barragan-Sierra, 2008 WL 2764611 (Ariz. Ct. App. July

- 2 -

17, 2008), decided that same date. Defendants view that case as bearing on the Younger abstention argument which their motion to dismiss raises, and the second DeCanas test in particular.

### *Discussion*

"[C]ases requiring extensive judicial involvement, . . shall be . . . designated" as "complex" pursuant to LRCiv 16.2(b)(4). Because supposedly this case (1) involves "complex issues of statutory and constitutional law[;]" and (2) "will affect a growing number of arrests[,]" plaintiffs are seeking a complex track designation. Memo. (doc. 46) at 5. Plaintiffs also note what they perceive to be defendants' recalcitrance in proceeding with discovery.

Despite the foregoing, the court is not persuaded that this case requires "extensive judicial involvement[]" so as to warrant placing in on the complex track. Therefore, it DENIES plaintiffs' motion to the extent they are seeking a complex track designation pursuant to LRCiv 16.2(b)(4). This case will proceed under its current standard track designation.

To facilitate the expeditious resolution of this case, however, the court hereby GRANTS plaintiffs' request for a Rule 16 pre-trial conference. Such conference will be scheduled as soon as practicable following resolution of the defendants' motion to dismiss. Further, given defendants' supplemental authority filed on July 17, 2008 (doc. 50), the court hereby ORDERS plaintiffs to file a supplemental brief within fifteen (15) days of the date of entry of this order addressing the impact, if any, of defendants' supplemental authority upon the outstanding DeCanas issue.

IT IS ORDERED that:

(1) Plaintiffs' Motion (doc. 46) is GRANTED in part, to the extent they are seeking a pre-trial conference, and DENIED in part, to the extent they are seeking "complex track" designation pursuant to LRCiv 16.2(b)(4); and

1      (2) Plaintiffs shall file a supplemental brief within fifteen (15) days of the date of entry of this order addressing the impact, if any, of defendants' supplemental authority (doc. 50) upon the outstanding <u>DeCanas</u> issue.

    DATED this 29th day of September, 2008.

*/s/ Robert C. Broomfield*
Robert C. Broomfield
Senior United States District Judge

Copies to all counsel of record

- 4 -