**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| We Are America/Somos America, Coalition of Arizona, *et al.* ) ) ) | |
| Plaintiffs, ) | No. CIV-06-2816-PHX-RCB |
| ) vs. ) ) | O R D E R |
| Maricopa County Board of Supervisors, *et al.* ) ) ) | |
| Defendants. ) | |

Currently pending before the court is "The Maricopa County Defendants' Motion to Dismiss the Claims of the Organizational and Taxpayer Plaintiffs" (Doc. 68), filed in accordance with this court's prior order.[1]  It has been approximately three and a half

---

[1] In We Are America/Somos America Coalition of Arizona v. Maricopa Co. Bd. of Supervisors, 386 Fed.Appx. 726 (9th Cir. 2010), the Ninth Circuit affirmed this court's dismissal of the claims of six Mexican nationals who were arrested and detained pursuant to the "Maricopa Migrant Conspiracy Policy," which is at the center of this lawsuit.  The Ninth Circuit held that this court "correctly determined that it lacked jurisdiction under *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), to consider the claims" of such plaintiffs. Id. at 727.  Finding, however, that this court "erred . . . in concluding that *Younger* abstention barred it from considering the organizational and taxpayer claims[,]" the Ninth Circuit remanded for this court to "determine whether the organizational and taxpayer plaintiffs have standing to pursue their claims." Id.  This court

years since the filing of the amended complaint.  Additionally, Andrew Thomas, who was originally named as a defendant in his official capacity as Maricopa County Attorney, is no longer serving in that capacity.  Thus, it is possible that this case has become moot; and if so, this court would lack subject matter jurisdiction.  The court will, therefore, require supplemental briefing on that issue.

### *Background*

The Amended Complaint ("the complaint") filed on October 12, 2007, alleges that "defendants have embraced a policy and practice to arrest, detain, and punish non-smuggler migrants for conspiring to transport themselves through Maricopa County" ("the Policy").  Am. Compl. (Doc. 45) at ¶ 1.  The complaint further alleges that "[d]efendants' sole legal basis for said policy and practice is an *ultra vires* interpretation of Ariz. Rev. Stat. § 13-2319, a statute enacted to impose criminal penalties on professional smugglers who transport migrants not authorized to be in the United States under federal law."  Id.   As the complaint alleges "[m]ost recently, on or about September 26, *2007*, defendants arrested and detained about . . . (27) individuals pursuant to the . . . Policy."  Id. at 20, ¶ 43 (emphasis added).

The complaint names eight defendants.  The first is the Maricopa County Board of Supervisors ("the County Board"), which allegedly "has acquiesced in, condoned, and through local tax revenues financed the adoption and implementation of the . . .

---

ordered that "any motions directed to the standing issue" were to be "filed not later than November 8, 2010."  Doc. 67.  Hence, the pending defense motion was filed.  Also in accordance with that order, plaintiffs timely filed and served their response.  No reply was filed though.

1  Policy." Id. at 9, ¶ 16. Next, the complaint names as defendants
2  Fulton Brock, Don Stapley, Andrew Kunasek, Max W. Wilson, and Mary
3  Rose Wilcox, as "members" of the County Board, who are being "sued
4  in their official capacities[.]" Id. at 9, ¶ 17. Joseph Arpaio
5  is also being sued in his "official capacity[]" as "the Maricopa
6  County Sheriff" who, "as such[,] is vested with the legal authority
7  and duty to enforce the Arizona Criminal Code, including Ariz. Rev.
8  State. § 13-2319." Id. at 10, ¶ 19.

9      The eighth defendant which the complaint names is Andrew
10 Thomas, who at the time of filing, was the Maricopa County Attorney
11 and "[a]s such" was "responsible for the enforcement of the Arizona
12 Criminal Code, including prosecuting violations of Ariz. Rev. Stat.
13 § 13-2319." Id. at 9, ¶ 18. Since the filing of the complaint,
14 however, after the resignation of Mr. Thomas, in accordance with
15 FED.R.CIV.P. 25(d), Richard M. Romley, serving as Interim Maricopa
16 County Attorney, was substituted for defendant Thomas. See also
17 Substitution Order (Doc. 65). The pending defense motion was filed
18 on November 8, 2010, six days after the Maricopa County Attorney
19 election.

20     Thereafter, on December 16, 2010, Deputy County Attorney White
21 filed a "Notice of Name Change and Substitution of Maricopa County
22 Attorney," notifying the court that "William G. Montgomery is now
23 the Maricopa County Attorney, and should be substituted for
24 Defendant Richard M. Romley." Doc. at 70:21-22. Despite the
25 foregoing, the defendants' motion is brought on behalf of every
26 defendant except the Maricopa County Attorney, whether by name or
27 position. See Mot. (Doc. 68) at 1:5-6; and 19-23.
28 . . .

***Discussion***

"If the controversy is moot, both the trial and appellate courts lack subject matter jurisdiction, *see* [*North Carolina v.*] *Rice*, 404 U.S. [244,] 246, 92 S.Ct. 402, [30 L.Ed.2d 413 (1971)], and the concomitant 'power to declare the law' by deciding the claims on the merits." In re Burrell, 415 F.3d 994, 998 (9th Cir. 2005). That is because if a case is moot there is no longer a live controversy as Article III of the United States Constitution requires. Indeed, "Article III requires that a live controversy persist throughout *all* stages of the litigation." See Gator.com Corp. v. L.L. Bean, Inc., 398 F.3d 1125, 1129-30 (9th Cir. 2005) (emphasis added) (citing Steffel v. Thompson, 415 U.S. 452, 459 n. 10, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974) ("an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed")). "Hence, the district court must, either *sua sponte* or at the request of the parties, evaluate the issue[] of . . . mootness." San Luis & Delta Mendota Water Authority v. U.S. Dep't of Interior, 637 F.Supp.2d 777, 786 (E.D.Cal. 2008) (citing, *inter alia*, Grupo Dataflux v. Atlas Global Group, 541 U.S. 567, 593, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004) ("It is the obligation of both district court and counsel to be alert to jurisdictional requirements."))

Based upon the foregoing, the court hereby ORDERS that no later than twenty (20) days from the date hereof the defendants shall file and serve a supplemental brief on the issue of whether this action has become moot. Additionally, within that same time frame defendant Montgomery shall advise the court as to whether or not he is joining in "The Maricopa County Defendants' Motion to

1  Dismiss the Claims of the Organizational and Taxpayer Plaintiffs"
2  (Doc. 68).
3       IT IS FURTHER ORDERED that a responsive memoranda, if any, as
4  well as a reply memoranda, if any, shall be filed and served and in
5  all ways comply with the Rules of Practice of the United States
6  District Court for the District of Arizona.
7       DATED this 11th day of April, 2011.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record