WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| WE ARE AMERICA, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | No. CIV 06-2816-PHX-RCB |
| | ) | |
| vs. | ) | ORDER SETTING RULE 16 |
| | ) | SCHEDULING CONFERENCE |
| | ) | |
| MARICOPA COUNTY BOARD of, | ) | |
| SUPERVISORS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| ——————————————— | ) | |

Currently pending before the court is a motion by defendants, Maricopa County Board of Supervisors, Hon. Fulton Brock, Hon. Don Stapley, Hon. Andrew Kunasek, Hon. Max Wilson, and Hon. Mary Rose Wilcox ("the Board"), and Joseph M. Arpaio, Maricopa County Sheriff ("Arpaio"), for a Rule 16 scheduling conference (Doc. 79). The plaintiffs did not file a response; nor did defendant Montgomery, and the time to do so has passed. Thus, and because the court finds that the granting of such relief would assist in the orderly progression of this litigation, the court grants this defense motion (Doc. 79).

**IT IS HEREBY ORDERED:**

Pursuant to Rule 16, Federal Rules of Civil Procedure, a Scheduling Conference is set for October 17, 2011, at 10:30 a.m., Sandra Day O'Connor United States Courthouse, 401 West Washington Street, SPC 61, Sixth Floor, Courtroom 606, Phoenix, Arizona 85003-2158.  Counsel are directed to Rule 16 for the objectives of this conference.  At least one of the attorneys for each party attending the conference shall have authority to enter into stipulations and make admissions regarding all matters which may be discussed.

Counsel and all unrepresented parties shall confer before the conference regarding:

A.    Possibility of consent to trial before a United States Magistrate Judge pursuant to 28 U.S.C. §636(c), or reference to a master;

B.    Any matters relating to jurisdiction, venue or joinder of additional parties;

C.    The scope of discovery, and possible limitations thereof.  Counsel and unrepresented parties are expected to comply with Rule 26(f) of the Federal Rules of Civil Procedure and seek to minimize the expense of discovery.  In cases where dispositive motions will be filed, counsel and unrepresented parties should consider limiting discovery to the issue at hand until the court has ruled on the motion;

D.    A schedule of all pretrial proceedings, an estimate of the length of trial, and any suggestions for shortening trial.  A trial date will be set at the pre-trial conference.

E.    Prospects for settlement, and whether any party desires having a settlement or other conference before a judicial

1  officer, or participating in any other alternative dispute

2  resolution forum (see Local Rule 83.10); and

3      F.  Any other matters which counsel may feel will help dispose

4  of the matter in an efficient and economical manner.

5      G.    Counsel and unrepresented parties shall file with the

6  Court, not less than ten days before the Scheduling Conference, a

7  joint report reflecting the results of their discussions.  The

8  report shall include individually numbered brief statements

9  indicating;

10          1.  The nature of the case, setting forth in brief

11  statements the factual and legal basis of plaintiff's claims and

12  defendant's defenses;

13          2.  The factual and legal issues genuinely in

14  dispute, and whether they can be narrowed by stipulation or motion;

15          3.  The jurisdictional basis of the case,

16  citing specific statutes;

17          4.  Parties, if any, which have not been served,

18  as well as parties which have not filed an answer or other

19  appearance.  Unless counsel and unrepresented parties can otherwise

20  show cause, an order shall accompany the joint report dismissing

21  any party which has not been served, or seeking default judgment on

22  any non-appearing party.

23          5.  The names of parties not subject to the

24  Court's jurisdiction;

25          6.  Whether there are further dispositive or

26  partially dispositive issues to be decided by pretrial motions, and

27  the legal issues about which any pretrial motions are contemplated;

28          7.  Whether the case is suitable for reference

to arbitration, to a master, or to a United States Magistrate Judge for trial;

8.   The status of related cases pending before other judges of this Court or before other courts;

9.   Proposed scheduling deadlines, including those deadlines contained in the attached form of Scheduling Order (Attachment #1), unless inapplicable.  Counsel and unrepresented parties shall submit a proposed Scheduling Order consistent with Attachment #1.  Although the court strongly urges that agreement be reached, if counsel and unrepresented parties cannot agree on deadlines, separate proposed Scheduling Orders with separate proposed deadlines shall be submitted for discussion at the Scheduling Conference.

10.   Estimated date that the case will be ready for trial, the estimated length of trial, and any suggestions for shortening the trial;

11.   Whether a jury trial has been requested;

12.   The prospects for settlement, including any request to have a settlement conference before a United States Magistrate Judge, or other request of the court for assistance in settlement efforts.

13.   In class actions, the proposed dates for class certification proceedings and other class management issues. Such certification will result in the case being reassigned to the **complex track** for case management purposes;

14.   Whether any unusual, difficult, or complex problems or issues exist which would require this case to be placed on the **complex track** for case management purposes; and

15.   Any other matters which counsel feel will aid the Court in resolving this dispute in a just, speedy, and inexpensive manner.

After the conference, the Court will enter a Scheduling Order, which shall control the course of the action, unless modified by subsequent Order.  Counsel and unrepresented parties are cautioned that the deadlines set at this conference shall be enforced.

It is the responsibility of plaintiff's counsel (or plaintiff if unrepresented) to initiate the communication necessary to prepare this joint report and the proposed Scheduling Order.

This Court views this Scheduling Conference as critical to its case management responsibilities and the responsibilities of the parties under Rule 1, Federal Rules of Civil Procedure.

DATED this 19th day of September, 2011.


_____
Robert C. Broomfield
Senior United States District Judge

1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                      FOR THE DISTRICT OF ARIZONA

9

10

11

12  ❖,                           )
                                 )
13             Plaintiff(s), )      No. CIV ❖        RCB
                                 )
14        vs.                    )    RULE 16 SCHEDULING ORDER
                                 )    (No Separate Mailing
15  ❖,                           )     to Counsel)
                                 )
16             Defendant(s). )
    ─────────────────────────────)

17

18       A Scheduling Conference having been held on ____insert

19  date.

20       **IT IS HEREBY ORDERED:**

21       Motions to amend the Complaint, to add a counterclaim or

22  cross-claim, and/or to join additional parties, shall be filed no

23  later than ____[insert date].

24       Rule 26(a)(1) initial disclosures (have been made) or (shall

25  be made not later than ____[insert date]).

26       Rule 26(b)(2) expert disclosure shall be made as follows:

27                         (Attachment #1)

28

                                - 6 -

1.    Plaintiff(s) shall disclose its expert witnesses, if any, and their reports, not later than _____[insert date]_.

2.    Defendant(s) shall disclose its expert witness, if any and their reports, not later than ____[insert date]_.

3.    Expert witness depositions shall be completed by _____[insert date]_.

4.    All other discovery pursuant to Rules 30, 31, 33, 34, 35 and 36, including supplements thereto, shall be completed by ____ [insert date]_. Interrogatories, including subparts, are limited to (25) or (____). Requests for production, including subparts, are limited to (25) or (__). Requests for admissions, including subparts, are limited to (10) or (____).

Parties are directed to LRCiv 7.2(j), which prohibits filing discovery motions unless parties have first met to resolve any discovery difficulties. If parties cannot reach a resolution, they are directed to first arrange a conference call with the Court to attempt to resolve the matters.

This order contemplates that each party will conduct discovery in such a manner as to complete discovery within these deadlines. Therefore, all discovery should be sought within time sufficient to permit responses by the deadlines. "Last minute or eleventh hour" discovery which results in insufficient time to complete discovery or to undertake additional discovery and which requires an extension of a discovery deadline is disfavored, and could result in denial of an extension, exclusion of evidence, or the imposition of other sanctions.

A brief joint letter to the court concerning status of settlement discussions containing no specific settlement terms or offers shall be submitted by _____[insert date]_. This letter

should occur early in the litigation, after initial key discovery, in order to avoid excessive expenditure of time, money, and effort at further discovery.

All dispositive motions shall be filed by [insert date]. This deadline shall take into account the time limits for motions set forth in LRCiv 56(b).

A joint proposed pretrial order shall be lodged by [insert date]. If dispositive motions are filed, then this pretrial order shall be due either on the above date or thirty (30) days following ruling on the motions, whichever is later. The content of the proposed pretrial order shall include, but not be limited to, that prescribed in a standard form of Pretrial Order which will be given to counsel at the Scheduling Conference. Statements made shall not be in the form of a question, but should be a concise narrative statement of each party's contention as to each uncontested and contested issue.

The attorneys for each party who will be responsible for trial of the lawsuit shall appear and participate in a Pretrial Conference on _____, at _____ a.m., in Courtroom 606, Sixth Floor, Sandra Day O'Connor United States Courthouse, 401 West Washington Street, Phoenix, Arizona. A trial date and any other necessary deadlines will be set at the Pretrial Conference.

DATED this ____ day of _____, 2011.

_____
ROBERT C. BROOMFIELD
SENIOR UNITED STATES DISTRICT JUDGE

Copies to counsel of record