CENTER FOR HUMAN RIGHTS AND CONSTITUTIONAL LAW
Carlos Holguin (Cal. Bar No. 90754)
Peter A. Schey (Cal. Bar No. 58232)
256 S. Occidental Blvd.
Los Angeles, CA 90057
Telephone: 213.388.8693
Facsimile: 213.386.9484
Email: crholguin@centerforhumanrights.org
pschey@centerforhumanrights.org

H. Michael Clyde (Az. Bar No. 009647)
PERKINS COIE BROWN & BAIN P.A.
2901 N. Central Avenue, Suite 2000
Phoenix, AZ 85012-2788
Telephone: 602.351.8000
Facsimile: 602.648.7000
Email: MClyde@perkinscoie.com

Attorneys for Plaintiffs

*Additional counsel listed on continuation page*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| WE ARE AMERICA/SOMOS AMERICA COALITION OF ARIZONA; *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MARICOPA COUNTY BOARD OF SUPERVISORS, *et al.*, <br><br> Defendants. | No. CV06-2816-PHX-RCB <br><br> PLAINTIFFS' CONVERTING STATEMENT OF FACTS <br><br> [Local Rule Civ 56.1(b)] <br><br> Hon. Robert C. Broomfield |
|---|---|

/ / /

*Plaintiffs counsel continued:*

    RAY VELARDE (TX BAR # 20539950)
    LULAC NATIONAL LEGAL ADVISER
    1216 Montana
    El Paso, TX 79902
    Telephone: (915) 373-6003
    Email: rayvelarde2003@yahoo.com


    DAN BALLECER (AZ BAR #15616)
    1095 E. Indian School Road
    Phoenix, AZ 85014
    Telephone: (602) 277-0044
    Facsimile: (602) 277-1097
    Email: dballecer@cox.net


    ANTONIO BUSTAMANTE (AZ BAR #7256)
    1001 N. Central Avenue Suite 660
    Phoenix, AZ 85014
    Telephone: (602) 277-0044
    Facsimile: (602) 277-1097
    Email: antonio_b@qwest.net


*Attorneys for Plaintiffs*

<u>Defendants' Statement of Fact 1</u>. Plaintiffs dispute defendants' statement of fact on the ground it is not a statement of fact, but rather a characterization of plaintiffs' complaint. Plaintiffs further dispute defendants' statement to the extent it mischaracterizes plaintiffs' complaint, which speaks for itself. *See* Plaintiffs' Amended Complaint for Declaratory and Injunctive Relief (Dkt. 45).

<u>Defendants' Statement of Fact 2</u>. Plaintiffs dispute defendants' statement of fact on the ground it is not a statement of fact but rather a characterization of plaintiffs' complaint. Plaintiffs further dispute defendants' statement to the extent it mischaracterizes plaintiffs' complaint, which speaks for itself. *See* Plaintiffs' Amended Complaint for Declaratory and Injunctive Relief (Dkt. 45).

<u>Defendants' Statement of Fact 3</u>. Plaintiffs do not dispute defendants' statement of fact.

<u>Defendants' Statement of Fact 4</u>. Plaintiffs do not dispute defendants' statement of fact.

<u>Defendants' Statement of Fact 5</u>. Plaintiffs do not dispute defendants' statement of fact.

<u>Defendants' Statement of Fact 6</u>. Plaintiffs dispute defendants' statement of fact on the ground it is not a statement of fact but rather a characterization of plaintiffs' complaint. Plaintiffs further dispute defendants' statement to the extent it mischaracterizes plaintiffs' complaint, which speaks for itself. *See* Plaintiffs' Amended Complaint for Declaratory and Injunctive Relief (Dkt. 45).

Center for Human Rights & Constitutional Law Foundation

<u>Defendants' Statement of Fact 7</u>. Plaintiffs dispute defendants' statement of fact on the ground that it is a statement of law and not a statement of fact. Plaintiffs dispute defendants' statement on the ground the remaining plaintiffs can and have sought class certification and are proper class representatives. *See* Plaintiffs' Renewed Motion for Class Certification (Dkt. 122).

Plaintiffs further dispute defendants' statement of fact on the ground that (1) defendants spend revenues derived from Maricopa County taxpayers to train Maricopa County Sheriff's deputies to carry out defendants' challenged policy to arrest and prosecute non-smuggler migrants for conspiracy to transport themselves, and no one else, in alleged violation of Ariz. Rev. Stat. § 13-2319 ("Maricopa Migrant Conspiracy Policy" or "MMCP"), Joseph M. Arpaio's Responses to Plaintiffs' Supplemental Requests for Admissions, etc., December 16, 2011, Plaintiffs' Supplemental Exhibit 11 re: Cross-Motions for Summary Judgment, October 29, 2012 (Supp. SJ Exhibits), at 2; (2) defendants spend Maricopa County tax receipts to cover "transporting persons arrested for conspiring to transport themselves in violation of A.R.S. § 13-2319," *id*. at 3; (3) Maricopa County taxpayers bear the cost of incarcerating non-smuggler migrants arrested pursuant to MMCP, *id*. at 2; *see also* Plaintiffs' Exhibit 5 in Support of Summary Judgment (Dkt. 121-2) (SJ Exhibits) at 38-39 (Arpaio); (4) plaintiffs regularly pay taxes to Maricopa County, Declaration of David Lujan, October 26, 2012, Supp. SJ Exhibit 17; Deposition of LaDawn Haglund, August 31, 2012, Supp. SJ Exhibit 19, at 7-8; (5) among other local taxes, plaintiffs Lujan and Haglund pay the "Maricopa County Jail Excise Tax," a special sales tax that funds the operation of detention facilities in which defendants detain non-smuggler

migrants arrested pursuant to the MMCP. Maricopa County Annual Business Strategies FY 2013 Adopted Budget, Supp. SJ Exhibit 20, at 105; (6) defendants expend a calculable amount of local tax revenue to carry out the MMCP. Maricopa County Justice System Annual Activities Report Fiscal Year 2011, Supp. SJ Exhibit 18; *see also* SJ Exhibits at 36 (Arpaio); (7) defendants' using county tax receipts to carry out the MMCP continues unabated. SJ Exhibits at 32 (Arpaio).

Plaintiffs further dispute defendants' statement of fact on the grounds that plaintiffs We Are America/Somos America Coalition of Arizona (WAA) and Arizona Hispanic Community Forum (AHCF) (1) are expending time and resources delivering services to migrants detained or incarcerated in Maricopa County jails pursuant to the MMCP, Deposition of Lydia Guzman, August 31, 2012, Supp. SJ Exhibit 9 at 11-12, 14 and 15, Deposition of Sharon Zapata, August 30, 2012, Supp. SJ Exhibit 10 at 38-39; (2) that WAA's and AHCF's delivering social services and humanitarian assistance to migrants is among the plaintiff organizations' purposes, Supp. SJ Exhibit 9 at 11-12, 14 and 15, Supp. SJ Exhibit 10 at 38-39; and (3) that the MMCP perceptibly impairs the ability of WAA and AHCF to provide social services to immigrants who have not been charged, detained or incarcerated pursuant to the MMCP. Supp. SJ Exhibit 9 at 10, 12-13, Supp. SJ Exhibit 10 at 17-18, 22, 35, 36.

Defendants' Statement of Fact 8. Plaintiffs dispute defendants' statement of fact on the ground it is not a statement of fact but rather a characterization of plaintiffs' complaint. Plaintiffs further dispute defendants' statement to the extent it mischaracterizes plaintiffs'

complaint, which speaks for itself. *See* Plaintiffs' Amended Complaint for Declaratory and Injunctive Relief (Dkt. 45).

Defendants' Statement of Fact 9. Plaintiffs dispute defendants' statement of fact on the ground it is not a statement of fact but rather a characterization of plaintiffs' complaint. Plaintiffs further dispute defendants' statement to the extent it mischaracterizes plaintiffs' complaint, which speaks for itself. *See* Plaintiffs' Amended Complaint for Declaratory and Injunctive Relief (Dkt. 45).

Defendants' Statement of Fact 10. Plaintiffs dispute defendants' statement of fact on the ground it is not a statement of fact but rather a characterization of plaintiffs' complaint. Plaintiffs further dispute defendants' statement to the extent it mischaracterizes plaintiffs' complaint, which speaks for itself. *See* Plaintiffs' Amended Complaint for Declaratory and Injunctive Relief (Dkt. 45).

Defendants' Statement of Fact 11. Plaintiffs dispute defendants' statement of fact on the ground it is not a statement of fact but rather a characterization of plaintiffs' complaint. Plaintiffs further dispute defendants' statement to the extent it mischaracterizes plaintiffs' complaint, which speaks for itself. *See* Plaintiffs' Amended Complaint for Declaratory and Injunctive Relief (Dkt. 45).

Defendants' Statement of Fact 12. Plaintiffs dispute defendants' statement of fact on the ground the remaining plaintiffs can and have sought class certification and are proper class representatives. *See* Plaintiffs' Renewed Motion for Class Certification (Dkt. 122). Plaintiffs further dispute defendants' statement of fact on the grounds set out in response to Defendants' Statement of Fact 7, *supra*, which plaintiffs incorporate by this reference.

Defendants' Statement of Fact 13. Plaintiffs do not dispute defendants' statement, though it is not properly a statement of fact.

Defendants' Statement of Fact 14. Plaintiffs do not dispute defendants' statement, though it is not properly a statement of fact. Supp. SJ Exhibit 9, at 5 *ff*.

Defendants' Statement of Fact 15. Plaintiffs do not dispute defendants' statement, though it is not properly a statement of fact.

Defendants' Statement of Fact 16. Plaintiffs dispute defendants' statement that they can offer only conjecture in support of their allegation that defendants pursue the MMCP in order to regulate immigration. *See, e.g.*, SJ Exhibit 6 [Maricopa County Attorney, News Release, December 2, 2007]; SJ Exhibit 7 [Thomas, A., "Two Conspiracies, Two Sets of Good News, undated].

Defendants' Statement of Fact 17. Plaintiffs do not dispute defendants' statement, though statements concerning plaintiffs' citations are not properly ones of fact.

Defendants' Statement of Fact 18. Plaintiffs do not dispute defendants' statement.

Defendants' Statement of Fact 19. Plaintiffs do not dispute that defendants' statement accurately sets out part of Ms. Kartovil's testimony. Plaintiffs dispute defendants' statement to the extent it mischaracterizes that testimony, which speaks for itself.

Defendants' Statement of Fact 20. Plaintiffs do not dispute defendants' statement.

Defendants' Statement of Fact 21. Plaintiffs do not dispute defendants' statement.

Defendants' Statement of Fact 22. Plaintiffs do not dispute defendants' statement.

Defendants' Statement of Fact 23. Plaintiffs do not dispute defendants' statement.

Defendants' Statement of Fact 24. Plaintiffs do not dispute defendants' statement.

-5-

Defendants' Statement of Fact 25. Plaintiffs do not dispute defendants' statement.

Defendants' Statement of Fact 26. Plaintiffs do not dispute defendants' statement.

Defendants' Statement of Fact 27. Plaintiffs do not dispute defendants' statement.

Defendants' Statement of Fact 28. Plaintiffs do not dispute defendants' statement.

Defendants' Statement of Fact 29. Plaintiffs do not dispute defendants' statement, though what defendants expect plaintiffs to argue is not properly a statement of fact.

Defendants' Statement of Fact 30. Plaintiffs do not dispute defendants' statement, though what defendants expect plaintiffs to argue is not properly a statement of fact.

Defendants' Statement of Fact 31. Plaintiffs do not dispute defendants' statement, though what plaintiffs allege is not properly a statement of fact.

Defendants' Statement of Fact 32. Plaintiffs do not dispute defendants' statement, though what plaintiffs argue is not properly a statement of fact.

Defendants' Statement of Fact 33. Plaintiffs do not dispute defendants' statement.

Defendants' Statement of Fact 34. Plaintiffs dispute defendants' statement of fact on the ground the remaining plaintiffs can and have sought class certification and are proper class representatives. *See* Plaintiffs' Renewed Motion for Class Certification (Dkt. 122). Plaintiffs further dispute defendants' statement of fact on the grounds set out in response to Defendants' Statement of Fact 7, *supra*, which plaintiffs incorporate by this reference.

Defendants' Statement of Fact 35. Plaintiffs dispute defendants' statement of fact. Maricopa County is the only one of Arizona's 15 counties known to arrest and prosecute non-smuggler migrants for conspiring to transport themselves in violation of § 13-2319. SJ Exhibit 6; Kratovil at 26; Arpaio at 30.

Center for Human Rights & Constitutional Law Foundation

Defendants' Statement of Fact 36. Plaintiffs do not dispute defendants' statement, though what plaintiffs allege is not properly a statement of fact.

Defendants' Statement of Fact 37. Plaintiffs dispute defendants' statement of fact on the ground it is not a statement of fact but rather a characterization of plaintiffs' complaint. Plaintiffs further dispute defendants' statement to the extent it mischaracterizes plaintiffs' complaint, which speaks for itself. *See* Plaintiffs' Amended Complaint for Declaratory and Injunctive Relief (Dkt. 45).

Defendants' Statement of Fact 38. Plaintiffs do not dispute defendants' statement, except to the extent defendants seek to characterize WAA as "a loose association of like-minded people." Supp. SJ Exhibit 9, at 5 *ff*.

Defendants' Statement of Fact 39. Plaintiffs dispute defendants' statement to the extent it implies the MMCP has not caused plaintiff WAA to divert limited resources to assist non-smuggler migrants arrested and prosecuted under the MMCP. Supp. SJ Exhibit 9 at 10, 12-13.

Defendants' Statement of Fact 40. Plaintiffs dispute defendants' statement to the extent it implies that the MMCP has not caused plaintiff WAA to divert limited resources to assist non-smuggler migrants arrested and prosecuted under the MMCP. Supp. SJ Exhibit 9 at 10, 12-13.

Defendants' Statement of Fact 41. Plaintiffs do not dispute defendants' statement, except to the extent defendants seek to characterize AHCF as "a loose association." Supp. SJ Exhibit 10, at 6 *ff*.

Center for Human Rights & Constitutional Law Foundation

<u>Defendants' Statement of Fact 42</u>. Plaintiffs do not dispute defendants' statement, except that AHCF also provides assistance to non-smuggler migrants arrested and prosecuted under the MMCP. *E.g.*, Supp. SJ Exhibit 10, at 22.

<u>Defendants' Statement of Fact 43</u>. Plaintiffs dispute defendants' statement to the extent it implies that the MMCP has not caused plaintiff AHCF to divert limited resources to assist non-smuggler migrants arrested and prosecuted under the MMCP. *E.g.*, Supp. SJ Exhibit 10, at 36.

<u>Defendants' Statement of Fact 44</u>. Plaintiffs dispute defendants' statement. The MMCP has caused plaintiff AHCF to divert limited resources to assist non-smuggler migrants arrested and prosecuted under the MMCP. *E.g.*, Supp. SJ Exhibit 10, at 36.

<u>Defendants' Statement of Fact 45</u>. Plaintiffs dispute defendants' statement on the grounds set out in their response to Defendants' Statement of Fact 7, *supra*, which plaintiffs incorporate by this reference.[1]

<u>Additional facts precluding judgment in favor of defendants</u>. Plaintiffs incorporate by reference the facts set out in their Statement of Facts (Dkt. 121-1).

---

[1] To the extend plaintiffs decline to dispute defendants' statements of fact, they do so for the purposes of defendants' motion for summary judgment and are not intended to be otherwise binding. *Cf*. Local Rule 56.1(c).

-8-

Center for Human Rights & Constitutional Law Foundation

October 29, 2012.

CENTER FOR HUMAN RIGHTS AND
CONSTITUTIONAL LAW
Carlos R. Holguín
Peter A. Schey

By s/ Carlos Holguín
  Carlos Holguín
  256 S. Occidental Blvd.
  Los Angeles, CA  90057

Attorneys for Plaintiffs

/ / /

**CERTIFICATE OF SERVICE**

☒   I hereby certify that on October 29, 2012, I electronically transmitted the attached document to the following CM/ECF registrants:  Timothy James Casey, timcasey@azbarristers.com.

s/ Carlos Holguin