1  Timothy J. Casey (013492)
   SCHMITT SCHNECK SMYTH CASEY & EVEN, P.C.
2  1221 East Osborn Road, Suite 105
   Phoenix, Arizona 85014-5540
3  Telephone:  602-277-7000
   Facsimile:  602-277-8663
4  timcasey@azbarristers.com
   Counsel for Defendants
5

6              IN THE UNITED STATES DISTRICT COURT

7              IN AND FOR THE DISTRICT OF ARIZONA

8   We Are America, et al.,                 Cause No. CV06-2816-PHX-RCB

9                    Plaintiffs,

10  v.                                       DEFENDANTS' RESPONSE IN
                                             OPPOSITION TO PLAINTIFFS'
11  Maricopa County Board of Supervisors, et MOTION FOR CLASS CERTIFICATION
    al.,
12                                           (Oral Argument Requested)
                     Defendants.
13

14

15         Defendants respectfully move the Court for its Order denying Plaintiffs' Motion for

16  Class Certification (Dkt#122).

17              **MEMORANDUM OF POINTS AND AUTHORITIES**

18  **A.    The Applicable Law**

19         The procedure for establishing a class action is set forth in Rule 23, Fed. R. Civ. P.

20  Rule 23 outlines four requirements for a class action lawsuit: (1) the proposed class must be

21  so numerous that joinder of all members as parties would be impracticable; (2) common

22  questions of law and fact must exist as to all members of the class; (3) the claims of the

23  proposed named plaintiffs must be typical of those of the class; and (4) the named plaintiffs

24  and their counsel must fairly and adequately protect the interests of the class.  F.R.C.P. 23(a).

25  These requirements are referred to as numerosity, commonality, typicality, and adequacy.

26  "In addition to satisfying Rule 23(a)'s prerequisites, parties seeking class certification must

27  show that the action is maintainable under Rule 23(b)(1), (2), or (3).  *Amchem Prods., Inc. v.*

28  *Windsor*, 521 U.S. 591, 614 (1997).  Rule 23(b)(2) provides that class certification is

appropriate when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." F.R.C.P. 23(b)(2).

The United States Supreme Court recognizes that class action litigation is a unique procedural device designed as an *exception* to the usual rule that litigation is conducted by, and on behalf of, individual named parties only. *General Tel. Co. v. Falcon,* 457 U.S. 147, 157 (1982). The Supreme Court holds that "[c]areful attention to the requirements of Federal Rule Civil Procedure 23 [are] indispensable" when evaluating whether the parties will adequately protect the interests of the proposed class. *Id.* Courts, therefore, are required to conduct a "**rigorous analysis** to determine whether the party seeking certification has met the prerequisites of Rule 23." *Zinser v. Accufix Research Inst., Inc.,* 253 F.3d 1180, 1186 (9th Cir. 2001) (emphasis added), *opinion amended,* 273 F.3d 1266 (9th Cir. 2001); *see also Valentino v. Carter-Wallace, Inc*., 97 f.3d 1227, 1233 (9th Cir. 1996).

**B.    The Proposed Class Definition**

Plaintiffs seek to certify one of two classes. Those alternative classes are defined by Plaintiffs as follows:

All individuals who are-

(a) stopped, detained, arrested, incarcerated, prosecuted, or penalized for conspiring to transport themselves, and themselves only, in violation of Ariz. Rev. Stat. § 13-2319;

or

(b) who pay taxes to Maricopa County and object to the use of county tax revenues to stop, detain, arrest, incarcerate, prosecute, or penalize individuals for conspiring to transport themselves, and themselves only, in violation of Ariz. Rev. Stat. § 13-2319.

*See* Motion at p. 3-4.

**C.    Class Certification is Inappropriate in this case with these Named Plaintiffs.**

**1.    Numerosity and Impracticability**

Based on research and review of Plaintiffs' Motion, Defendants agree that this case satisfies the numerosity and impracticability element required for a class action.

**2.    Commonality**

Plaintiffs must show that there is a common issue of law or fact among the members of the proposed class. F.R.C.P. 23(a)(2). "Commonality focuses on the relationship of

common facts and legal issues among the class members." *Dukes v. Wal-Mart, Inc*., 509 F.3d 1168, 1177 (9th Cir. 2007).  The commonality factor "has been construed permissively.  All questions of fact and law need not be common to satisfy the rule.  The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class."  *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1019 (9th Cir. 1998).  "[N]ot all questions of fact and law need to be common to satisfy [Rule 23(a)(2)]."  *Parra v. Bashas', Inc*., 536 F.3d 975, 978 (9th Cir. 2008) (citing *Hanlon*, 150 F.3d at 1019).

Based on the foregoing authority and review of Plaintiffs' Motion, Defendants agree that this case raises issues of both law and fact that are common to the members of the proposed class.

### 3.   Typicality

Plaintiffs must also demonstrate that their claims are typical of the claims of the proposed class in order to comply with Rule 23(a)(3).  The named Plaintiffs, however, do not satisfy the typicality element required for class action as to either of the two proposed alternative classes.

First, "[t]ypicality requires that the **named plaintiffs be members of the class** they represent."  *Dukes*, 509 F.3d at 1184 (emphasis added) (citing *Gen. Tel. Co. of SW v. Falcon*, 457 U.S. 147, 156 (1982)).  Named plaintiffs **must** "possess the same interest and **suffer the same injury as the class members**."  *Id*. (emphasis added) (citing *E. Tex. Motor Freight Sys., Inc. v. Rodriquez*, 431 U.S. 395, 403 (1977) (internal citations omitted).

Here, however, the named Plaintiffs are not members of the proposed class alternative number 1.  The four remaining Plaintiffs are the two organization plaintiffs, Arizona Hispanic Community Forum, and We Are America/Somos America, and two taxpayer plaintiffs, former state legislator David Lujan, and ASU sociology professor LaDawn Haglund.  The undisputed evidence shows that **none** of the named Plaintiffs have ever been stopped, detained, arrested, or charged under the Policy.  *See* Defendants' Statement of Facts (Dkt#120) at ¶¶ 7 and 33.  None of the named Plaintiffs have suffered the same injury as the class members in proposed class alternative number 1.  *Id*.  Indeed, neither Arizona Hispanic

SCHMITT, SCHNECK, SMYTH,
CASEY & EVEN, P.C.
Professional
Corporation

Community Forum nor Somos America are capable of being arrested, detained, charged and prosecuted under the Defendants' policy, and the organizational Plaintiffs' respective Rule 30(b)(6), F.R.C.P., representatives have never been arrested or charged under the policies. *Id*. On this ground alone, the Court cannot, and should not, certify a class under proposed class alternative number 1. *Dukes*, 509 F.3d at 1184.

As to proposed class alternative no. 2 (i.e., taxpayers who do not like the policy), neither named Plaintiffs Arizona Hispanic Community Forum nor Somos America are taxpayers in Maricopa County. *Id*. at ¶¶ 38 and 41. Accordingly, they cannot satisfy the typicality requirement. *Dukes*, 509 F.3d at 1184.

As to named individual Plaintiffs Haglund and Lujan, they cannot serve as class representatives for propose class alternative no. 2 because they lack standing. A party's standing to bring a lawsuit is a fundamental threshold inquiry. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Whether a party has standing is a question of law. *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 867 (9th Cir. 2002). The Supreme Court has repeatedly refused to recognize a generalized grievance against allegedly illegal government conduct as sufficient to confer standing. *United States v. Hays*, 515 U.S. 737, 743 (1995).

When determining whether an organization has standing, "the same inquiry [is performed] as in the case of an individual: has the plaintiff alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal court jurisdiction?" *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 378-79 (1982); *see also Allen v. Wright*, 468 U.S. 737, 754 (1984). None of the so-called taxpayer plaintiffs have the level of personal stake in the outcome of the controversy that amounts to anything more than a generalized disagreement. For example, named Plaintiff Haglund's injury is only a generalized grievance that she does not like any tax money, incidental or otherwise, being used for governmental decisions she disagrees with as a matter of public policy, such as the Defendants' policy. *See* Dkt#120 at ¶ 45. That is insufficient to constitute a class representative.

Based on the foregoing, none of the named Plaintiffs can satisfy the "typicality" element required to comply with Rule 23(a)(3).

SCHMITT, SCHNECK, SMYTH, CASEY & EVEN, P.C. Professional Corporation

### 4.    Adequacy

The final requirement for class certification is that the named Plaintiffs "will fairly and adequately protect the interests of the class."  F.R.C.P. 23(a)(4).  For the reasons set forth above, the named Plaintiffs cannot fairly and adequately protect the interests of either one of the two alternative proposed classes.

**D.    Conclusion**

Based on the foregoing, Defendants request that the Court deny Plaintiffs' Motion for Class Certification.

**RESPECTFULLY SUBMITTED** this 30th day of October, 2012.

SCHMITT SCHNECK SMYTH CASEY &
EVEN, P.C.


By:  *s/Timothy J. Casey*
Timothy J. Casey, Esq.
1221 East Osborn Rd., Suite 105
Phoenix, Arizona 85014
Counsel for the Defendants

### CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2012, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

The Honorable Robert C. Broomfield
United States District Court
401 West Washington Street, SPC 61
Suite 626
Phoenix, Arizona 85003-2158

H. Michael Clyde
PERKINS COIE BROWN & BAIN P.A.
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Co-Counsel for Plaintiffs

Peter A. Schey
Carlos Holguin
CENTER FOR HUMAN RIGHTS AND CONSTITUTIONAL LAW
256 South Occidental Blvd.
Los Angeles, California 90057
Co-Counsel for Plaintiffs

SCHMITT, SCHNECK, SMYTH,
CASEY & EVEN, P.C.
Professional
Corporation

1    Dan Ballecer
     1095 East Indian School Road
2    Phoenix, Arizona 85014

3    Antonio Bustamante
     1001 North Central Ave., Suite 660
4    Phoenix, Arizona 85014
     Co-Counsel for Plaintiffs
5
     _s/Eileen Henry_
6    Eileen Henry, Paralegal,
     SCHMITT SCHNECK SMYTH CASEY & EVEN, P.C.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCHMITT, SCHNECK, SMYTH,
CASEY & EVEN, P.C.
Professional
Corporation