Timothy J. Casey (013492)
SCHMITT SCHNECK SMYTH CASEY & EVEN, P.C.
1221 East Osborn Road, Suite 105
Phoenix, Arizona 85014-5540
Telephone:  602-277-7000
Facsimile:   602-277-8663
timcasey@azbarristers.com
Counsel for Defendants Maricopa County Board of
Supervisors, Fulton Brock, Don Stapley, Andrew Kunasek,
Max Wilson, and Mary Rose Wilcox, and Joseph M. Arpaio,
Maricopa County Sheriff, and William G. Montgomery,
Maricopa County Attorney

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| We Are America, et al.,<br><br>                   Plaintiffs,<br><br>v.<br><br>Maricopa County Board of Supervisors, et al.,<br><br>                   Defendants. | Cause No. CV06-2816-PHX-RCB<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF FACTS IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND CONTROVERTING STATEMENT OF FACTS** |

Pursuant to Rule 56(e)(2), Federal Rules of Civil Procedure, and Local Rule of Civil Procedure 56.1(b), Defendants hereby submit their Response to Plaintiffs' Separate Statement of Fact in Support of Plaintiffs' Motion for Summary Judgment (Dkt#121-1) as follows:

**I.  DEFENDANTS' LOCAL RULE 56.1(b)(1) RESPONSE, CONTROVERTING STATEMENT OF FACTS, AND OBJECTIONS TO PLAINTIFFS' SEPARATE STATEMENT OF FACTS OFFERED IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT.**

//
//
//
//
//

| PLAINTIFFS' STATEMENT OF FACT NO. | DEFENDANTS' RESPONSE, RULE 56(c)(2) OBJECTIONS, AND CONTROVERTING STATEMENT OF FACT WHERE APPROPRIATE |
|---|---|
| 1. | ***Admit in part and disputed in part.***<br><br>Defendants do not dispute the statement that "[i]n 2005 the Arizona state legislature enacted [A.R.S.] § 13-2319." Defendants submit that the Court may take judicial notice of this commonly known fact.<br><br>**Objections:** Defendants, however, object to the reported cite to the Committee Meeting Minutes for several reasons. First, Plaintiff do not provide in Dkt#121-2 the purported legislative committee meeting minutes to allow the Court or the defense to determine the accuracy of the purported statement of a "Mr. Paton." Defendants have been unable to independently locate a copy of the purported Committee meeting Minutes. As such, the supposed meeting minutes lack authenticity and foundation to serve as admissible evidence. *See Cox v. Amerigas Propane, Inc.*, 2005 U.S. Dist. LEXIS 26344 (Ariz. 2005) ("Evidence a party relies upon with respect to a summary judgment motion must have an appropriate foundation and must be supported… by admissible evidence"); *see also Cornwell v. Electra Cen. Credit Union*, 439 F.3d 1018, 1028-29 n.6 (9th Cir. 2006).<br><br>Second, the alleged statements of a "Mr. Paton" are inadmissible hearsay in themselves, and the alleged meeting minutes are another layer of inadmissible hearsay apparently summarizing the author's understanding of what a "Mr. Paton" purportedly stated. *See Cox v. Amerigas Propane, Inc.*, 2005 U.S. Dist. LEXIS 26344 (Ariz. 2005); *see also See Horta v. Sullivan*, 4 F.3d 2, 8 (1st Cir. 1993) ("hearsay within hearsay" is "inadmissible at trial to establish the truth of the reported facts.")<br><br>Third, the statement is irrelevant to the motion. Statements of legislators are not given "controlling effect." *Brock v. Pierce County*, 476 U.S. 253, 263 (1986) (citing *Grove City College v. Bell*, 465 U.S. 555, 567 (1984)); *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986) (facts "that are irrelevant or unnecessary will not be counted"). |
| 2. | ***Disputed.*** |

SCHMITT, SCHNECK, SMYTH & HERROD, P.C.
Professional Corporation

| | |
|---|---|
| | **Controverting Statement**: Plaintiffs' Statement of Fact No. 2 relies on a September 29, 2005 unsigned legal opinion letter from former Maricopa County Attorney Andrew P. Thomas to Sheriff Joseph M. Arpaio (attached as Plaintiff's Exhibit at Dkt#121-2, pages 213-19) to make several broad statements of alleged "fact." Plaintiffs' broad statements are incorrect in the following ways: (a) the letter was an opinion letter unsigned by then county attorney Andrew P. Thomas, not defendant William Montgomery; (b) the letter does not appear to be a public or private announcement of a prosecution decision, but by its plain terms, appears to outline the legal basis for Sheriff's deputies to enforce A.R.S. § 13-2319; and (c) focuses on violations of Arizona criminal law by bother smugglers and smugglees.<br><br>**Objections:** The unsigned letter lacks foundation, and no testimony evidence has been offered (by either its author non-party Thomas, its alleged recipient Arpaio, or by any other witness in this case) that would allow it to serve as an admission by a party opponent. |
| 3. | *Admit.* |
| 4. | *Admit.* |
| 5. | *Admitted in part and disputed in part.*<br><br>Defendants admit only that: (a) Arpaio and the deputies in the Maricopa Count Sheriff's Office ("MCSO") are currently arresting persons for conspiracy to violate A.R.S. § 13-2319 when probable cause exists to do so; and (b) that Montgomery and the attorneys in the Maricopa County Attorney's Office ("MCAO") are currently prosecuting people for the criminal charge of conspiring under Arizona's conspiracy statute, A.R.S. § 13-1003, to violate Arizona's criminal human smuggling statute, A.R.S. § 13-2319 when appropriate in prosecutorial discretion. (*See* Arpaio deposition (Dkt#121-2) at p. 31:5-10)<br><br>**Controverting Statement**: Defendants deny they "target" any person for arrest or prosecution. More specifically, as to Plaintiffs' statement of fact that "*Defendants* continue to *target* arrest and prosecute non-smugglers for conspiracy to transport themselves in violation of" A.R.S. § 13-2319, |

SCHMITT, SCHNECK, SMYTH & HERROD, P.C.
Professional Corporation

| | |
|---|---|
| | Plaintiffs provide no record evidence that Montgomery or the MCAO is targeting any person for prosecution. Moreover, the cited testimony (i.e., Arpaio deposition at p. 31) merely states that the MCSO continues to make such arrest and that the MCAO continues to prosecute such crimes. (*See* Arpaio deposition (Dkt#121-2) at p. 31:5-10) There is no testimony by Arpaio that he or the MCSO is targeting any person for arrest for violation of A.R.S. § 13-2319.<br><br>Finally, there is no record evidence that the Defendant Maricopa County Board of Supervisors has the authority to arrest or prosecute any person for the violation of A.R.S. § 13-2319, let alone that they are "targeting" any person. |
| 6. | ***Disputed.***<br><br>**Controverting Statement**: The evidence cited by Plaintiffs does not support this statement. To the contrary, Arpaio testified that he does not know if any other Arizona county sheriff is arresting persons for the violation of A.R.S. § 13-2319 and has not "heard of most anything occurring in another sheriff's office." (Dkt#121-2 at Arpaio depo at p. 130:10-23). Similarly, MCAO Rule 30(b)(6) witness Vicki Kratovil did not "know one way or the other" whether any other county attorney in Arizona was prosecuting non-smuggler aliens for conspiracy to violate § 13-2319. (Dkt#121-2 at Kratovil depo at p. 26:9-23).<br><br>Plaintiffs' reliance on Exhibit No. 6 (Dkt#121-2 at p. 224) is unavailing. The document is an apparent draft of a proposed "*News Release*" dated December 2, 2007 from the MCAO under the administration of then County Attorney Andrew P. Thomas (*see* fourth paragraph with capital letter type indicating additional information to be added in the draft press release).<br><br>Assuming, *arguendo*, the document's admissibility, the cited document does not support the fact either the MCAO or the MCSO are the only law enforcement officials in Arizona currently implementing the Policy or some form of similar policy. |

4

SCHMITT, SCHNECK, SMYTH & HERROD, P.C.
Professional Corporation

|   |   |
|---|---|
|   | **Objection:** The document is inadmissible for the lack of foundation. There is no record evidence establishing that the draft proposed press release was ever actually issued or sent into the private or public domain as an official statement from then county attorney Andrew Thomas. Given the absence of such foundation, the document is inadmissible hearsay and it does not constitute a party-opponent admission. Similarly, there is no evidence cited by the Plaintiffs that show that any of the current defendants agree, in whole or in part, with any aspect of the draft proposed press release from 2007 which further demonstrates the absence of any foundation for the document's admissibility. |
| 7. | *Admit, but irrelevant to the resolution of the motion.*<br><br>**Objection:** This statement of fact is irrelevant to any issue in dispute in this litigation. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986) (facts "that are irrelevant or unnecessary will not be counted"). |
| 8. | *Admit, but irrelevant to the resolution of the motion.*<br><br>**Objection:** This statement of fact is irrelevant to any issue in dispute in this litigation. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986) (facts "that are irrelevant or unnecessary will not be counted"). |
| 9. | *Admit, but irrelevant to the resolution of the motion.*<br><br>**Objection:** This statement of fact is irrelevant to any issue in dispute in this litigation. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986) (facts "that are irrelevant or unnecessary will not be counted"). |
| 10. | *Admit, but irrelevant to the resolution of the motion.*<br><br>**Objection:** This statement of fact is irrelevant to any issue in dispute in this litigation. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)(facts "that are irrelevant or unnecessary will not be counted"). |
| 11. | *Disputed in part and admitted in part.*<br><br>Defendants admit *only* that they do not "take into account federal policies, federal officials' discretion, federal preferences, or foreign affairs" when making a decision based on probable cause to arrest a person for conspiracy to violate § 13-2319 or to prosecute a person for conspiracy to violate § 13-2319. |

| | |
|---|---|
| | **Controverting Statement**: Defendants dispute that the so-called MMCP "criminalizes foreign nationals independently of federal law and policy." Defendants policy and practice is to enforce Arizona law, including for the crime of conspiracy to violate § 13-2319. It "criminalizes" only people that violate Arizona's criminal code. Arpaio testified that the MCSO's enforcement of the Policy is about enforcing Arizona's criminal code. *See* Defendants' Statement of Facts (Dkt#120) at ¶¶ 27-28. MCAO Rule 30(b)(6) witness Ms. Vicki Kratovil, an MCAO Special Crimes Bureau Chief with 24 years of experience as a prosecutor working in the office regardless of who is the elected county attorney, testified that the MCSO policy and practice is to enforce the A.R.S. § 13-1003 and § 13-2319 based on an "overt act" and "on the determination that there's a likelihood of conviction of all elements of the offense." *Id*. at 18-20. |
| 12. | *Admit.* |
| 13 | *Admit in part with clarification, denied in part.* Defendants admit in part only that former Maricopa County Attorney Andrew P. Thomas advocated sometime in 2007 for Maricopa County Superior Court judges and commissioners at initial court appearances (when the accused was charged with conspiracy to violate § 13-2319) to determine the accused's status in the United States under a probable cause standard and not under a higher evidentiary burden. Eventually, the Arizona Supreme Court recognized that leadership and direction was needed for superior court commissioner to properly implement the Proposition 100 laws that now forbade bail to certain persons. On April 3, 2007, the Arizona Supreme Court, therefore, issued Administrative Order No. 2007-30 implementing a probable cause standard for determining whether an accused person had entered or remained in the United States illegally. Effective July 3, 2007, a change to Rule 7.2 of the Arizona Rules of Civil Procedure, was made. That Supreme Court initiated rule change set forth the following: |

SCHMITT, SCHNECK, SMYTH & HERROD, P.C.
Professional Corporation

> A person shall not be released on bail if the court finds the person is not bailable pursuant to A.R.S. Const. Art. 2, § 22 and A.R.S. § 13-3961. If the allegation involves A.R.S. § 13-3961(A)(5), the person shall not be considered bailable if the count finds (1) that the proof is evident or the presumption great that the person committed a serious offense, and (2) **probable cause** that the person entered or remained in the United States illegally.

Rule 7.2 (b), Arizona Rules of Criminal Procedure (emphasis added). Accordingly, the Arizona Supreme Court -- not Defendants --amended Rule 7.2(b), Criminal Rule of Civil Procedures to implement a probable cause standard for determining legal status. *See* Order dated March 29, 2011 (Dkt#246 at 13:24-24) in *Angel Lopez-Valenzuela, et al. v. Maricopa County, et al.*, United States District Court for the District of Arizona, No. CV 08-660-PHX-SRB ("The Court also finds that the use of the probable cause standard does not violate procedural due process" and upholding constitutionality of Prop 100 amending Article 2, Section 22(A) of the Arizona Constitution), on appeal to the Ninth Circuit, No. 11-16487.

**Controverting Statement**: Under Arizona criminal law, there is no "no need for federal verification that an individual prosecuted pursuant to the [so-called MMCP] is an unauthorized entrant." The determination of unlawful presence is not for federal immigration purposes. Instead, such determination is used solely for the purposes of whether to hold an accused in custody until trial pursuant to the Arizona Constitution, Article 2, Section 22(A)

Federal immigration laws "regulate detention for immigration violations, not pretrial detention of state crime." *See* Order dated December 9, 2009 (Dkt#47 at 13:16-18 in *Angel Lopez-Valenzuela, et al. v. Maricopa County, et al.*, United States District Court for the District of Arizona, No. CV 08-660-PHX-SRB (dismissing Plaintiffs' federal preemption claim as a matter of law), on appeal to the Ninth Circuit, No. 11-16487. "Ultimately, people like the Plaintiffs, who are subject to the

7

| | | |
|---|---|---|
| | | Proposition 100 laws [i.e., not allowing bail to illegal migrants charged with serious felonies], are being detained because of the crime they are accused of committing. Under the scheme created by the Proposition 100 laws, **Arizona state officials do not make decisions about immigration status that would be binding on the Plaintiffs in a subsequent proceeding in the immigration system**." *Id.* at 12:21-26 (emphasis added). |
| | 14. | ***Admit, but irrelevant to the resolution of the motion.***<br><br>**Objection:**  This statement of fact is irrelevant to any issue in dispute in this litigation.  Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)(facts "that are irrelevant or unnecessary will not be counted"). |
| | 15. | ***Denied.***<br><br>**Controverting Statement**:  Plaintiffs offer as support for this statement a single document, (Dkt#122-2 at p. 224 (bates labeled We Are America MCAO 000027) which is an apparent draft of a proposed "*News Release*" dated December 2, 2007 from the MCAO under the administration of then County Attorney Andrew P. Thomas (*see* fourth paragraph with capital letter type indicating additional information to be added in the draft press release).<br><br>Assuming, *arguendo*, the document's admissibility, the cited document does not support the fact asserted by the Plaintiffs in their Statement of Fact No. 15.  There is no language in the document that states, or even suggests, that Mr. Thomas (let alone the current County Attorney William Montgomery, Sheriff Joseph Arpaio, and/or the Maricopa Board of Supervisors) "seek to thwart federal officials from exercising discretion to grant unauthorized entrants lawful status in the United States."  The statement is merely attorney argument offered without any legitimate good-faith factual support.<br><br>**Objection:**  The document is inadmissible for the lack of foundation.  There is no record evidence establishing that the draft proposed press release was ever actually issued or sent into the private or public domain as an official statement from then county attorney Andrew Thomas. Given the absence of such foundation, the document is |

SCHMITT, SCHNECK, SMYTH & HERROD, P.C.
Professional Corporation

| | |
|---|---|
| | inadmissible hearsay and it does not constitute a party-opponent admission.  Similarly, there is no evidence cited by the Plaintiffs that show that any of the current defendants agree, in whole or in part, with any aspect of the draft proposed press release from 2007 which further demonstrates the absence of any foundation for the document's admissibility. |
| 16. | ***Admit with clarification***. <br><br>Article 2, Section 22(A) of the Arizona Constitution sets forth several exceptions to the general presumption that persons charged with crimes are entitled to bail.  One of those exceptions is for "serious felony offenses as prescribed by the legislature if the person charged has entered or remained in the United States illegally and if the proof is evidence or the presumption great as to the present charge." *See Hernandez v. Lynch*, 167 P.3d 1264 (Ct. App. 2007) (upholding constitutionality under Arizona and federal constitutions of the law adding this section to the Arizona Constitution); *see also* Order dated March 29, 2011 (Dkt#246) in *Angel Lopez-Valenzuela, et al. v. Maricopa County, et al.*, United States District Court for the District of Arizona, No. CV 08-660-PHX-SRB (upholding constitutionality of Prop 100 amending Article 2, Section 22(A) of the Arizona Constitution), on appeal to the Ninth Circuit, No. 11-16487. <br><br>**Objection:**  This statement of fact is irrelevant to any issue in dispute in this litigation.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986) (facts "that are irrelevant or unnecessary will not be counted"). |

**RESPECTFULLY SUBMITTED** this 30th day of October, 2012.

                                SCHMITT SCHNECK SMYTH CASEY & EVEN, P.C.

                                By:  *s/Timothy J. Casey*
                                Timothy J. Casey, Esq.
                                1221 East Osborn Rd., Suite 105
                                Phoenix, Arizona 85014
                                Counsel for the Defendants


# **CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2012, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

The Honorable Robert C. Broomfield
United States District Court
401 West Washington Street, SPC 61
Suite 626
Phoenix, Arizona 85003-2158

H. Michael Clyde
PERKINS COIE BROWN & BAIN P.A.
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Co-Counsel for Plaintiffs

Peter A. Schey
Carlos Holguin
CENTER FOR HUMAN RIGHTS AND CONSTITUTIONAL LAW
256 South Occidental Blvd.
Los Angeles, California 90057
Co-Counsel for Plaintiffs

Dan Ballecer
1095 East Indian School Road
Phoenix, Arizona 85014

Antonio Bustamante
1001 North Central Ave., Suite 660
Phoenix, Arizona 85014
Co-Counsel for Plaintiffs

*s/Eileen Henry*
Eileen Henry, Paralegal,
SCHMITT SCHNECK SMYTH CASEY & EVEN, P.C.