1   Timothy J. Casey (013492)
    SCHMITT SCHNECK SMYTH CASEY & EVEN, P.C.
2   1221 East Osborn Road, Suite 105
    Phoenix, Arizona 85014-5540
3   Telephone:  602-277-7000
    Facsimile:  602-277-8663
4   timcasey@azbarristers.com
    Counsel for Defendants Maricopa County Board of
5   Supervisors, Fulton Brock, Don Stapley, Andrew Kunasek,
    Max Wilson, and Mary Rose Wilcox, and Joseph M. Arpaio,
6   Maricopa County Sheriff, and William G. Montgomery,
    Maricopa County Attorney
7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **IN AND FOR THE DISTRICT OF ARIZONA**

10

11   We Are America, et al.,                    Cause No. CV06-2816-PHX-RCB

                        Plaintiffs,
12
                                                **DEFENDANTS' REPLY IN SUPPORT**
     v.                                         **OF THEIR MOTION FOR SUMMARY**
13                                              **JUDGMENT**
     Maricopa County Board of Supervisors, et
14   al.,

15                      Defendants.             (Oral Argument Requested)

16

17

18          Defendants respectfully submit this Reply in support of their Motion for Summary

19   Judgment (Dkt#119).  Defendants incorporate herein their Response to Plaintiffs' Motion for

20   Summary Judgment (Dkt#128).

21          For the Court's convenience, the same abbreviations used in the Motion are used in

     this Reply.
22
                        **MEMORANDUM OF POINTS AND AUTHORITIES**
23   **I.     WHAT CLAIMS PLAINTIFFS AGREE TO DISMISS**

24          Plaintiffs agree to the dismissal of their Second, Third, and Fourth Claims for Relief.

25   *See* Response (Dkt#126 at fn. 5) (Plaintiffs "recede from their remaining claims and request

26   the Court dismiss those claims pursuant to Rule 41(a)(2), Fed. R. Civ. P.").  The Court,

27   however, should dismiss those claims *with* prejudice.  Plaintiffs have had sufficient time to

28   develop an evidentiary record to present genuine issues of material fact precluding summary

SCHMITT, SCHNECK, SMYTH &
HERROD, P.C.
Professional
Corporation

judgment and to substantively respond to the Motion on the Second, Third, and Fourth Claims for Relief.

To the extent Plaintiffs continue to assert an *express* federal preemption claim in their First Claim for Relief, that claim is also subject to dismissal because the only claim Plaintiffs now advance is their implied preemption claim of field and/or conflict preemption. *Id*.

## II.    PLAINTIFFS' IMPLIED PREEMPTION CLAIM MUST FAIL.

The United States' Supremacy Clause makes federal law "the supreme law of the land. U.S. Const. art. VI, cl. 2. While the Supreme Court has long held that the "[p]ower to regulate immigration is unquestionably exclusively a federal power," it has also pointedly held that not every state enactment "which in any way deals with aliens is a regulation of immigration and thus per se preempted by this constitutional power, whether latent or exercised." *De Nanas v. Bica*, 424 U.S. 351, 354-55 (1976). In other words, the isolated fact that a state law or policy touches upon, or involves, illegal aliens/migrants does not render the state law preempted. This is a starting point for the Court's analysis.

Plaintiffs contend that Defendants' Policy is impliedly field and conflict preempted based on *Arizona v. United States*, 132 S. Ct. 2492 (2012) and "its progeny. E.g. *Ga. Latino Alliance for Human Rights v Governor*, 691 F.3d 1250 (11th Cir. 2012) (*GLAHR*); *United States v. Alabama*, 691 F.3d 1269 (11th Cir. 2012)." Response at p. 1, lns. 15-21. This contention is mistaken. While Defendants have explained in their Response to Plaintiffs' Motion for Summary Judgment (Dkt#128) why Plaintiffs are mistaken and need not reiterate those arguments and authority here, Defendants offer the following additional argument and authority for the Court's consideration:

A.    Field preemption occurs only when it is clear that "Congress intends federal law to 'occupy the field.'" *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 372 (2000). In order to prove that federal law impliedly preempts state regulatory power involving the smuggling of aliens, the Plaintiffs must prove with legal authority and evidence that it was "the **clear and manifest** purpose of Congress" to oust state power from the field. *Florida Lime & Avocado Growers v. Paul*, 373 U.S. 132, 146 (1963) (emphasis added); *De Canas*, 424 U.S. at 357. Plaintiffs bear the burden of proving field preemption. *De Canas*,

424 U.S. at 357.  This burden of proof is a "demanding standard." *We Are America v. Maricopa County Board of Supervisors*, 594 F.Supp.2d 1104, 1112 (D. Ariz. 2009).

B.      Here, Plaintiffs have failed to present evidence or controlling authority demonstrating that Congress clearly and manifestly intended the INA to prevent the states from criminalizing human smuggling, even when those crimes involve illegal migrants.  The *Arizona* decision, and its analysis, is not controlling.  The portion of the *Arizona* decision cited by Plaintiffs, for example, dealt only with S.B. 1070, § 3.  That section was an attempt by the State of Arizona to directly govern alien registration status.  It did not deal with, or mention, the smuggling of human beings, let alone the smuggling of human beings "for profit or commercial purpose." A.R.S. § 13-2319(A).  Moreover, anything to do with alien registration has long been held an exclusively federal task.  132 S. Ct. at 2501-02 quoting from *Hines v. Davidowitz*, 312 U.S. 52, 66-67 (1941) (discussing federal alienage requirements and ruling that states could not "curtail or complement federal law or to enforce additional or auxiliary regulations.").  Neither Plaintiffs nor Defendants have found any Supreme Court decision holding, or suggesting, that the criminalization of the smuggling of human beings for any purpose, including for profit or commercial purpose, is exclusively a federal issue and preempted by the INA, or more specifically, 8 U.S.C. § 1324.

C.      The *GLAHR* and *Alabama* decisions each involved state statutes that did not involve a criminal human smuggling statute per se.  Nor did those decisions deal with statutes that prohibited human smuggling "for profit or commercial purpose."  A.R.S. § 13-2319(A).  Instead, the statutes in those cases were very broad statutes that attempted to criminalize many different modes of transporting illegal migrants in furtherance of the alien's unlawful presence, and *without* regard to whether there was smuggling of human beings "for profit or commercial purpose."  A.R.S. § 13-2319(A).

D.      The statutes at issues in *GLAHR* and *Alabama*, and relied upon here by Plaintiffs, were analogous to A.R.S. § 13-2929.  It is, therefore, not surprising that the district court in *Valle del Sol, et al. v. Whiting*, No. CV 10-1061-PHX-SRB (D. Ariz. September 5, 2012) found the Eleventh Circuit's analysis in *GLAHR* and *Alabama* persuasive in ruling the Arizona statute was field and conflict preempted.  It is important, however, to note that

SCHMITT, SCHNECK, SMYTH &
HERROD, P.C.
Professional
Corporation

3

A.R.S. § 13-2929 is, like its counterparts under Alabama and Georgia law: (1) a very broad statute that attempted to criminalize many different modes of transporting illegal migrants in furtherance of the alien's unlawful presence; and (2) did not involve the smuggling of human beings "for profit or commercial purpose."  The Policy, therefore, is materially and substantively different than the statutes at issue in the *Arizona*, *GLAHR*, *Alabama*, and *Valle del Sol* decisions.

E.      Conflict preemption describes a situation in which "it is impossible for a private party to comply with both state and federal law" or where the state law "stands as an obstacle to the accomplishment and execution of the full purposes and objective of Congress." *Crosby*, 530 U.S. at 372.  Here, however, Plaintiffs have provided no evidence from the Policy's nearly seven years of history that there has been any conflict between federal immigration law, including 8 U.S.C. §§ 1324, and the Policy.  There also is no evidence offered that even suggests of an imminent possibility of conflict between federal immigration law and the Policy.  Indeed, Plaintiffs make no effort, other than citing to *Arizona*, *GLAHR*, and *Alabama*, to offer the Court any admissible <u>facts </u>showing an actual conflict.  That is insufficient to carry their burden of proof.  Absent clear proof of conflicts between federal and state law, it is inappropriate to find implied preemption. *Schneidewind v. ANR Pipeline Co.*, 485 U.S. 293, 310 (1988).

F.      Plaintiffs argue that defendants view the INA as "irrelevant" to their enforcement of the Policy or that they supposedly view the INA with "disdain."  Response at p. 5, lns. 4 and 10.  Plaintiffs, however, offer no facts that show that disregarding or "disdaining" the INA while enforcing the Policy has in any way created an actual conflict.  Instead, it appears that Plaintiffs merely suggest that such disregard might lead to some conflict in the future.  That is insufficient to carry their burden of proving conflict preemption.  An actual, as opposed to a hypothetical or potential, conflict must exist for conflict preemption to apply. *Chicanos Por La Causa, Inc, v. Napolitano*, 558 F.3d 856, 863 (9th Cir. 2009), *aff'd sub nom. Chamber of Commerce of U.S. v. Whiting*, 131 S.Ct. 1968 (2011).

Based on the foregoing, Defendants respectfully request that the Court grant their

Motion for Summary Judgment and deny Plaintiffs' Motion for Summary Judgment.

**RESPECTFULLY SUBMITTED** this 19th day of November, 2012.

SCHMITT SCHNECK SMYTH CASEY &
EVEN, P.C.

By: *s/Timothy J. Casey*
Timothy J. Casey, Esq.
1221 East Osborn Rd., Suite 105
Phoenix, Arizona 85014
Counsel for the Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2012, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

The Honorable Robert C. Broomfield
United States District Court
401 West Washington Street, SPC 61
Suite 626
Phoenix, Arizona 85003-2158

H. Michael Clyde
PERKINS COIE BROWN & BAIN P.A.
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Co-Counsel for Plaintiffs

Peter A. Schey
Carlos Holguin
CENTER FOR HUMAN RIGHTS AND CONSTITUTIONAL LAW
256 South Occidental Blvd.
Los Angeles, California 90057
Co-Counsel for Plaintiffs

Dan Ballecer
1095 East Indian School Road
Phoenix, Arizona 85014

Antonio Bustamante
1001 North Central Ave., Suite 660
Phoenix, Arizona 85014
Co-Counsel for Plaintiffs

*s/Eileen Henry*

Eileen Henry, Paralegal,
SCHMITT SCHNECK SMYTH CASEY & EVEN, P.C.

SCHMITT, SCHNECK, SMYTH &
HERROD, P.C.
Professional
Corporation

5