CENTER FOR HUMAN RIGHTS AND CONSTITUTIONAL LAW
Carlos Holguin (Cal. Bar No. 90754)
Peter A. Schey (Cal. Bar No. 58232)
256 S. Occidental Blvd.
Los Angeles, CA  90057
Telephone:  213.388.8693
Facsimile:  213.386.9484
Email: crholguin@centerforhumanrights.org
pschey@centerforhumanrights.org

H. Michael Clyde (Az. Bar No. 009647)
PERKINS COIE BROWN & BAIN P.A.
2901 N. Central Avenue, Suite 2000
Phoenix, AZ  85012-2788
Telephone:  602.351.8000
Facsimile:  602.648.7000
Email: MClyde@perkinscoie.com

Attorneys for Plaintiffs

*Additional counsel listed on continuation page*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| WE ARE AMERICA/SOMOS AMERICA COALITION OF ARIZONA; *et al*., <br><br> Plaintiffs, <br><br> v. <br><br> MARICOPA COUNTY BOARD OF SUPERVISORS, *et al*., <br><br> Defendants. | No. CV06-2816-PHX-RCB <br><br> REPLY TO OPPOSITION TO CLASS CERTIFICATION. <br><br> Hon. Robert C. Broomfield <br><br> Oral Argument Requested |
|---|---|

/ / /

*Plaintiffs counsel continued:*

    RAY VELARDE (TX BAR # 20539950)
    LULAC NATIONAL LEGAL ADVISER
    1216 Montana
    El Paso, TX 79902
    Telephone: (915) 373-6003
    Email: rayvelarde2003@yahoo.com

    DAN BALLECER (AZ BAR #15616)
    1095 E. Indian School Road
    Phoenix, AZ 85014
    Telephone: (602) 277-0044
    Facsimile: (602) 277-1097
    Email: dballecer@cox.net

    ANTONIO BUSTAMANTE (AZ BAR #7256)
    1001 N. Central Avenue Suite 660
    Phoenix, AZ 85014
    Telephone: (602) 277-0044
    Facsimile: (602) 277-1097
    Email: antonio_b@qwest.net

    *Attorneys for Plaintiffs*

REPLY TO OPPOSITION TO CLASS CERTIFICATION

I    INTRODUCTION

By this motion plaintiffs seek class certification of this action challenging defendants' policy and practice to criminalize non-smuggler migrants for conspiracy to transport themselves in purported violation of Ariz. Rev. Stat. § 13-2319 ("MMCP"). Plaintiffs contend the MMCP is as an unconstitutional state effort to regulate international migration that impermissibly conflicts with the administration of federal immigration law and policy and unlawfully regulates in an area fully occupied by federal law.

Defendants concede this action satisfies the numerosity and commonality requirements of Rule 23(a), Fed. R. Civ. Proc. Opposition at 2-3. Defendants do not contest plaintiffs' showing that this action also satisfies the requirement of Rule 23(b)(2): namely, that defendants have "acted or refused to act on grounds generally applicable to the class ..."

Defendants do oppose class certification, however, on the limited grounds that (1) neither the organizational nor taxpayer plaintiffs have standing; and (2) no plaintiff is an adequate representative of a class comprising non-smuggler migrants whom defendants arrest and prosecute for conspiring to transport themselves. Neither of defendants' objections is meritorious, and plaintiffs' motion should accordingly be granted.

II    BOTH TAXPAYER AND ORGANIZATIONAL PLAINTIFFS HAVE STANDING.

Defendants' instant standing argument is a truncated version of that they raise in support of their cross-motion for summary judgment. Dkt. 119 at 15-17.

Plaintiffs have previously shown that all plaintiffs have standing. *See* Plaintiffs' Responsive Memorandum in Opposition to Summary Judgment (Dkt. 126), at 6-14.

Defendants' opposition to class certification on standing grounds should be rejected for the same reasons their cross-motion for summary judgment on standing grounds should be denied.

III  BOTH ORGANIZATIONAL AND TAXPAYER PLAINTIFFS ARE PROPER REPRESENTATIVES OF NON-SMUGGLER MIGRANTS DEFENDANTS ARREST AND PROSECUTE PURSUANT TO THE MMCP.

Defendants only object to class certification based on the requirements of Rule 23(a)(3) and (4), Fed. R. Civ. Proc. Rule 23(a)(3) requires that the claims of the named plaintiffs be "typical of the claims ... of the class." Rule 23(a)(4) requires that the named plaintiffs "will fairly and adequately protect the interest of the class."

Defendants argue that neither plaintiff We Are America Coalition (WAA) nor plaintiff Arizona Hispanic Community Forum (AHCF) has been arrested or prosecuted for conspiring to violate Ariz. Rev. Stat. § 13-2319, and they are therefore not technically "members" of the proposed class. Defendants make the same point regarding plaintiffs Haglund and Lujan. Defendants therefore conclude that no plaintiff satisfies the typicality and adequacy of representation requirements of Rule 23(a)(3) or (4) insofar as plaintiffs' proposed class (a) is concerned.[1] The purpose and language of Rule 23 and precedent

---

[1] Apart from standing, defendants raise no objection to plaintiffs Haglund and Lujan's being proper representatives of proposed class (b): to wit, individuals "who pay taxes to Maricopa County and object to the use of county tax revenues to stop, detain, arrest, incarcerate, prosecute, or penalize individuals for conspiring to transport themselves, and themselves only, in violation of Ariz. Rev. Stat. § 13-2319."

Both plaintiffs are clearly members of proposed class (b), and precedent fully supports their appointment as class representatives. *E.g., Coleman v. McLaren*, 98 F.R.D. 638, 647 (N.D. Ill. 1983) (holding plaintiff taxpayers proper representatives of class comprising similarly situated taxpayers); *see also Youngblood v. Linebarger Googan Blair & Sampson, LLP*, 2012 U.S. Dist. LEXIS 142792, *20 (W.D. Tn. 2012) (same).

Center for Human Rights & Constitutional Law Foundation

decisions make clear that defendants' position is wrong.

There is no question that defendants have never arrested nor prosecuted any of the remaining plaintiffs under the MMCP. Nevertheless, it has long been held "the status of an organization to proceed as a class representative should not be defeated solely because the organization is 'not itself, technically, an individual member of a class.'" *International Woodworkers of America, etc. v. Chesapeake Bay Plywood Corp.*, 659 F.2d 1259, 1268-69 (4th Cir. 1981); *see also cf. Clark Equipment Co. v. Allied Industrial Workers*, 803 F.2d 878, 880 (6th Cir. 1986), *cert. denied*, 480 U.S. 934 (1987) (union adequate representative of class including *non*-members).

Instead, the focus of the Rule 23 inquiry is on whether the proposed class representatives' *claims* have the same essential characteristics as those of the class at large. *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). "'A plaintiff's claim is typical if it *arises from the same event or practice or course of conduct* that gives rise to the claims of other class members and his or her claims are based on the same legal theory.'" *Id.*, *quoting* H. Newberg, CLASS ACTIONS § 1115(b) at 185 (1977) (emphasis added)). The named representatives' *claims* need only "have the *same essential characteristics* as the claims of the class at large." *Id*. (Emphasis added).

The relevant inquiry is, "Do the parties seeking to represent the class have *claims* or defenses which are not shared by the proposed class members?" *Esler v. Northrop Corp.*, 86 F.R.D. 20, 35 (W.D. Mo. 1979) (emphasis added); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998) ("The existence of shared legal issues with divergent factual predicates is sufficient..."); *Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993)

("typicality" requires that "each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability.").

Courts have applied the foregoing principles in settings closely analogous to that at bar to allow organizational plaintiffs to represent classes comprising individuals injured by a challenged policy or practice.

In *California Rural Legal Assistance, Inc., v. Legal Servs. Corp.,* 917 F.2d 1171 (9th Cir. 1990), *amended*, 937 F.2d 465 (9th Cir. Cal. 1991), for example, the district court certified a subclass comprising legal aid programs barred from using funds supplied by Legal Services Corporation (LSC) to assist certain newly legalized aliens. 917 F.2d at 1172. The district court appointed an organization, California Rural Legal Assistance (CRLA), as the named representative of the legal aid programs. *Id*. at 1175.

On appeal, LSC challenged CRLA's qualification to serve as a class representative on the ground the organization was "not a member of the class it seeks to represent because … unlike other legal services programs, [CRLA] has non-LSC funds available to it." *Id*. The Ninth Circuit disagreed:

> This distinction is unavailing. Fed.R.Civ.P. 23, which governs class actions, does *not* require the named plaintiffs to be identically situated with all other class members. *It is enough if their situations share a "common issue of law or fact"* (*Blackie v. Barrack*, 524 F.2d 891, 904 (9th Cir. 1975)), and are "sufficiently parallel to insure a *vigorous and full presentation of all claims for relief*." *Sullivan v. Chase Inv. Serv. of Boston*, 79 F.R.D. 246, 257 (N.D. Cal. 1978). Clearly, CRLA shares a "common issue of law or fact" with other legal services programs. The fact that it may receive non-LSC funds does not diminish CRLA's ability to vigorously represent the interests of other LSC recipients.

*Id*. (emphasis added).

In *League of United Latin American Citizens (LULAC) v. Salinas Fire Dep't*, 88

F.R.D. 533 (N.D. Cal. 1980), a civil rights organization sued to redress alleged discrimination against Mexican-Americans by a city fire department. *Id*. at 536. Just as here, in *LULAC* the "defendants themselves have not cited any conflicts, choosing instead to rely upon an attractively simple syllogism: (1) nonmembers of the class cannot be class representatives; (2) LULAC is a nonmember of the class; and, therefore, (3) LULAC cannot be a class representative." *Id*. at 543. The court held as follows:

> *The appeal of this mechanical approach to class representation is spoiled by the allegations of direct injury to LULAC, the absence of any real conflict between the class and the organization, the benefits the class stands to realize if its claims are pressed by the organization, and the fact that there is every reason to believe LULAC will continue to prosecute this action with the vigor it has displayed to this date. …* [T]he court finds representation of the class by LULAC will be fair and adequate. Defendants' objection, to the extent it might be viewed as going to the typicality requirement of Rule 23(a)(3), must also be rejected.

*Id*. (emphasis added).

Here, of course, defendants offer the identical syllogism rejected in *LULAC*; it should be rejected here as well.

First, the authorities cited above make clear the primary issue involves whether the claims of the proposed class representative have the same essential characteristics as the claims of proposed individual class members. In this case, defendants concede that the named plaintiffs and individual proposed class members actually criminalized pursuant to the MMCP *present common claims*: Does the MMCP conflict with federal law, policy, or discretion? Does the MMCP regulate in an area fully occupied by federal law? *See* Dkt. 127 at pp. 2-3. Indeed, the individual named plaintiffs who were arrested and prosecuted under the MMCP, although later dismissed on abstention grounds, raised the same claims as the present organizational and tax-payer plaintiffs continue to assert. There is simply no question

that the claims raised by the existing plaintiffs, the former individual plaintiffs, and those of the proposed class, are identical.

Second, defendants' challenged policy has directly injured both organizational and taxpayer plaintiffs. *See* Plaintiffs' Responsive Memorandum in Opposition to Summary Judgment (Dkt. 126) at 10-12.

Third, defendants point to no actual or hypothetical conflict between the named plaintiffs and individual members of the proposed class.

Fourth, plaintiffs have litigated vigorously on behalf of proposed class members for several years now; there is every reason to think such representation will continue. The proposed class members obviously stand to benefit greatly from plaintiffs' efforts on their behalf.

In *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, *supra,* the Ninth Circuit identified two pragmatic requirements of a proper class representative: (1) that neither the named plaintiffs nor their counsel have any actual conflicts of interest with absent class members; and (2) that the proposed class representatives and their counsel will "prosecute the action vigorously on behalf of the class." 150 F.3d at 1020. Here, plaintiffs easily pass both tests.

Center for Human Rights &
Constitutional Law Foundation

V    CONCLUSION

For the foregoing reasons, plaintiffs' respectfully move that this action be certified as a class action pursuant to Rule 23, Fed.R.Civ.Proc.

November 19, 2012.

CENTER FOR HUMAN RIGHTS AND CONSTITUTIONAL LAW
Carlos R. Holguín
Peter A. Schey

By s/ Carlos Holguín
    Carlos Holguín
    256 S. Occidental Blvd.
    Los Angeles, CA  90057

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

☒   I hereby certify that on November 19, 2012, I electronically transmitted the attached document to the following CM/ECF registrants:  Timothy James Casey, timcasey@azbarristers.com.

s/ Carlos Holguin